[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 04 JUNE 1991 DATE OF APPLICATION 04 JUNE 1991 DATE OF APPLICATION FILED 05 JUNE 1991 DATE OF DECISION 25 JUNE 2002
 DATE OF SENTENCE 29 AUGUST 1991 DATE OF APPLICATION 30 AUGUST 1994 DATE OF APPLICATION FILED 04 SEPTEMBER 1991 DATE OF DECISION 25 JUNE 2002
Application for review of sentence imposed by the Superior Court, Judicial District of New London at New London. Docket Number CR10-191087 and CR10-191443.
Sebastian DeSantis, Esq., For the Petitioner.
Peter McShane, Esq., For the State of Connecticut.
SENTENCE AFFIRMED
 BY THE DIVISION
The petitioner in Docket No. CR10-191087 was convicted after trial by jury of Robbery First Degree in violation of Conn. General Statute 53a-134
(a); Threatening in violation of Conn. General Statute 53a-62 (a)(1) and Accessory to Kidnaping First Degree in violation of Conn. General Statute53a-8 and 53a-92 (a). He was sentenced to 20 years to serve on the first count, one year consecutive on the second count and 15 years to serve on the third count consecutive to the first and second count for a total effective sentence of 36 years to serve.
The petitioner in Docket No. CR10-191443 was convicted after trial by jury of Robbery First Degree in violation of Conn. General Statute 53a-134
CT Page 11703 (a) and Stealing a Firearm in violation of Conn. General Statute 53a-212
(a). On the Robbery count he received a sentence of 15 years to serve and on the Stealing a Firearm count he received 3 years concurrent with the previous count. The trial court then imposed the 15 years to serve consecutive to the previous sentence of 36 years to serve for an overall effective sentence of 51 years to serve.
FACTS:
In Docket No. CR10-191087 the facts show on June 7, 1990, at approximately 2:36 p.m., the Waterford Police Department received an intrusion alarm from Graffitti's Lounge located at 297 Willetts Avenue. Police later learned that the night manager had set the alarm and exited through the back door. As she approached her car in the parking lot, she was grabbed from behind by two armed males, both of whom were wearing ski masks and both holding guns to her head. She was ordered to unlock the door and the three entered the building. The two men forced her into the office and opened the safe, taking $9,230. After police arrived, one gunman ran to the upper level, while the other, Robert Will, grabbed the victim and dragged her to numerous exits in an attempt to flee. Will attempted to flee the parking lot in a motor vehicle with the victim, however, the driveway was blocked by police. As the victim attempted to get out of the vehicle, she was shot in the shoulder. The victim then rolled out of the car onto the glass covered pavement. Will crashed the vehicle, exited the car and jumper over a fence. A short time later he was captured by the police. Subsequent investigation revealed that the second gunman was the petitioner, Davis, who was apprehended in Florida and returned to Connecticut where he was put under arrest.
In Docket No. CR10-191443 the facts show that on May 12, 1990 at Vinnie's Pizza Restaurant, while employees were closing the restaurant, the petitioner and a companion broke into the restaurant at gunpoint. They forced one of the employees to open the safe and turn over a substantial amount of money. The petitioner and companion locked the employees in the bathroom and took a revolver that had been stored in an area underneath the counter. The petitioner made numerous comments of a threatening nature to the victims.
At the consolidated hearing on both sentences counsel for the petitioner argued that in the first conviction the petitioner was the least culpable and that he fled the scene of the crime and the co-accused seriously wounded the victim at the bar. Counsel felt that in the second crime the petitioner did not hurt anyone but acknowledged that threats were made and people were locked in the bathroom. CT Page 11704
The attorney felt that the court did not give enough consideration to the lack of family support the petitioner lived with as a child. Noting that the petitioner did have an extensive record counsel felt he would not leave prison until he was sixty or seventy years of age. Counsel felt that a sentence of 30 years while serving 20 with 5 years probation was sufficient. At minimum counsel asked the panel to convert the second sentence imposed on CR10-191443 from consecutive to concurrent.
The petitioner when he addressed the panel admitted his responsibility for the crimes he was sentenced. He exposed his poor family upbringing that lead to his poor value choices. He wanted an ability to make up to the victims and wanted the panel to reduce his sentence so he can harbor some hope about his future.
The attorney for the state discussed thoroughly the facts surrounding the shooting of the woman in case number CR10-191087. He noted that the petitioner faced 46 years and was sentenced to only 36. In case CR10-191443 the petitioner talked about raping and/or killing the victims. The state asked for a sentence of 20 years in the second case and he received only 16. The attorney stated the petitioner had 4 prior felony convictions with 8 more pending. Considering that the petitioner faced an exposure of 71 years for both cases counsel felt the 51 years given was fair and appropriate and urged the panel to affirm.
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §43-28 et seq., and Connecticut General Statute § 51-94 et seq.
When viewing the petitioner's criminal history we note a consistent violation of the law with interruptions predicated on him being incarcerated. In the cases before this panel the petitioner participated in crimes which lead to an innocent citizen being seriously injured by a co-defendant and a second crime in which people were subject to threats of death and rape. The petitioner was not deterred in any way by his previous convictions nor limited incarcerations. The sentencing court called the petitioner "a dangerous person" and imposed a range of sentences that reflected that decision. We agree and find that the sentences imposed in both of these cases were appropriate and not disproportional in accordance with Connecticut Practice Book § 43-23
et seq.
THE SENTENCES ARE AFFIRMED.
 ___________________, J. Norko CT Page 11705 ___________________, J. Miano ___________________, J. Iannotti
Norko, J., Miano, J. and Iannotti, J. participated in this decision. CT Page 11706